**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **LUCIO ROY ATKINSON,** | § | |
| **TDCJ No. 02250307,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **A-25-CV-00791-RP** |
| | § | |
| **ERIC GUERRERO, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

## ORDER

Before the Court are Petitioner Lucio Roy Atkinson's pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody and his Supplement (ECF Nos. 1, 7), Respondent Eric Guerrero's Answer (ECF No. 14), and Petitioner's Reply (ECF No. 18). Having reviewed the record and pleadings submitted by both parties, the Court dismisses Petitioner's petition as untimely filed.

## I. Background

In March 2019, a jury convicted Petitioner of one count of manufacture or delivery of a substance in penalty group 3 or 4, 28 grams or more but less than 200 grams. *State v. Atkinson*, No. 46805 (424th Dist. Ct., Burnet County, Tex. March 1, 2019). (ECF No. 14-7 at 5-7.) On March 12, 2021, the Third Court of Appeals affirmed Petitioner's conviction. *Atkinson v. State*, No. 03-19-00204-CR, 2021 WL 936702 (Tex. App.—Austin, Mar. 12, 2021, pet. ref'd). (ECF No. 12-15.) On August 25, 2021, the Texas Court of Criminal Appeals (TCCA) refused his

Petition for Discretionary Review (PDR). *Atkinson v. State*, No. PD-0269-21 (Tex. Crim. App. Aug. 25, 2021). On October 6, 2021, the TCCA denied Petitioner's motion for rehearing.

On September 16, 2022, Petitioner executed a state habeas corpus application.[1] (ECF No. 14-7 at 8-23.) On August 9, 2023, the TCCA dismissed Petitioner's state habeas application as noncompliant with Texas Rule of Appellate Procedure 73.1, stating "applicant has filed a non-computer generated memorandum that exceeds 50 pages in length and the trial court was not granted leave to exceed the prescribed lim[it]." *Ex parte Atkinson*, No. WR-71,472-04 (Tex. Crim. App. Aug. 9, 2023). (ECF No. 14-1.)

On January 24, 2023, Petitioner executed a document entitled "Defendant Atkinson's Post-Conviction Motion for Disclosure of Grand Jury Minutes, Evidence, the State's Case File and Inclusion in the Habeas Record," which the state court construed as a habeas corpus application. (ECF No. 14-11 at 3-12.) The TCCA denied the application without written order on May 1, 2024. *See Ex parte Atkinson*, No. WR-71,472-05 (Tex. Crim. App. May 1, 2024). (ECF No. 14-9.)

On May 28, 2024, Petitioner executed another state habeas corpus application, arguing he had not received jail time credit. (ECF No. 14-18 at 8-23.) On September 11, 2024, the TCCA dismissed Petitioner's state habeas application pursuant to *Ex parte Ybarra*, 149 S.W.3d 147 (Tex. Crim. App. 2004) and *Ex parte Florence*, 319 S.W.3d 695 (Tex. Crim. App. 2010). *Ex parte Atkinson*, No. WR-71,472-06 (Tex. Crim. App. 2024). (ECF No. 14-15.)

On October 2, 2024, Petitioner filed another state habeas corpus application. (ECF No. 14-35 at 8-23.) On October 15, 2024, the state habeas court issued Findings of Fact and

[1] Petitioner checked the box for "out of time appeal" on his state habeas corpus application and argues before this Court that it was not a proper habeas corpus application but rather a "procedural claim." (ECF No. 1-4 at 31.) Because Petitioner's federal habeas corpus petition is barred by the statute of limitations, this distinction is not relevant to this proceeding.

recommended Petitioner's application be denied. (ECF No. 14-36 at 56-57.) On December 18, 2024, the TCCA dismissed Petitioner's state habeas application without written order as a subsequent application for a writ of habeas corpus, citing Texas Code of Criminal Procedure article 11.07, section 4(a)-(c). *See Ex parte Atkinson*, No. WR-71,472-07 (Tex. Crim. App. 2024). (ECF No. 14-19.) On February 19, 2025, the TCCA dismissed without written order Petitioner's suggestion for reconsideration. (ECF No. 14-20.)

On May 18, 2025, Petitioner executed his federal habeas corpus petition, raising the following claims for relief:

1. Petitioner's appellate counsel provided ineffective assistance when counsel failed to follow-up on subpoena evidence.

2. Petitioner is falsely imprisoned due to the State and its forensic expert misleading the Grand Jury and trial court about the drug test results.

3. Appellate counsel provided ineffective assistance when counsel failed to brief both denied lesser-included instructions.

4. The cumulative effects of the above errors denied Petitioner's right to a fair trial.

5. Petitioner was denied a meaningful appeal due to fraud distorting the proceedings.

Petitioner argues he is entitled to the miscarriage of justice exception to overcome any procedural default on his federal claims because he is factually innocent under the standard described by *Schlup v. Delo,* 513 U.S. 298, 329 (1995). He further argues he has been pursuing his rights diligently and that extrinsic fraud upon the court warrants the application of equitable tolling to his petition. (ECF No. 1.)

In Respondent's answer, he argues Petitioner's federal habeas corpus petition should be dismissed as untimely filed; that Petitioner has not shown his entitlement to equitable tolling; that he fails to support his claim for actual innocence; and that, in any event, his federal claims

are procedurally barred from review. (ECF No. 10.) In his response, Petitioner argues he is entitled to statutory tolling; equitable tolling; and that he is actually innocent.[2] (ECF No. 18.)

## II. DISCUSSION & ANALYSIS

1. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. 28 U.S.C. § 2244(d). The one-year period is calculated from the latest of either

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1). Under § 2244(d)(2), a properly filed state application for habeas corpus relief or other collateral review tolls the AEDPA limitations period during the application's pendency.

Petitioner's conviction became final on January 4, 2022, when, after the TCCC denied his motion for rehearing, the time for filing a petition for writ of certiorari expired. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (direct review is concluded when the Supreme Court rejects a petition for writ of certiorari or rules on its merits, or when the 90 days allowed for a petition for writ of certiorari to the Supreme Court following entry of judgment by the state court

[2] Petitioner also requests the Court stay these proceedings pending resolution of his petition for writ of certiorari before the United States Supreme Court. (ECF No. 18 at 2.) However, the Supreme Court denied Petitioner's petition for writ of certiorari on October 6, 2025, and denied his petition for rehearing on January 12, 2026. *Atkinson v. State*, No. 25-5131, 146 S. Ct. 242 (Oct. 6, 2025).

of last resort expires); *Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001) (AEDPA one-year statute of limitations is tolled during the period in which a Texas habeas applicant has filed a motion for reconsideration of state habeas application).

Pursuant to § 2244(d)(1)(A), Petitioner had until January 4, 2023, to file his federal habeas corpus petition; however, he did not execute his federal habeas petition until May 18, 2025, 863 days after the limitations period expired. Petitioner executed a state habeas application on September 16, 2022, which, if it had been properly filed, would have operated to toll the AEDPA limitations period. However, the TCCA dismissed this application as noncompliant, and thus it was not "properly filed" for purposes of the tolling provision in § 2244(d)(2). *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (an application for post-conviction relief is "properly filed" for purposes of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable [state] laws and rules governing filings.")

Petitioner properly filed a state habeas corpus application on January 24, 2023. However, this application was filed after the AEDPA limitations period expired on January 4, 2023, and therefore cannot toll the AEDPA limitations period. The same holds true for Petitioner's other state habeas applications.

<u>2. Statutory Tolling under § 2244(d)(1)(B)</u>

In response, Petitioner argues he is entitled to statutory tolling pursuant to § 2241(d)(1)(B). Under this section, the AEDPA limitations period does not begin to run until "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." Although § 2244(d)(1)(B) does not define what constitutes an "impediment," the language clearly states that the impediment must have actually prevented a

petitioner from timely filing his habeas corpus petition. *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011). Thus, to demonstrate entitlement to the later limitations-period commencement date under § 2244(d)(1)(B), Petitioner "must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).

Petitioner first argues he was prevented from filing a petition when the State hindered his ability to file a petition for writ of certiorari after his motion for rehearing was denied on October 6, 2021. He argues he filed a motion for appointment of counsel and motion for correction of the record on December 20, 2021, which were denied on January 10, 2022. Petitioner argues the State denied him due process by not holding a hearing on his motion to correct the record, i.e. to correct the trial transcript. He argues the record is defective because there was a "breach in the chain of possession" and the record does not accurately reflect what occurred at trial, specifically when the State abandoned Count II of the indictment. Petitioner argues the trial court allowed an "overt act of conspiracy" when it denied him a hearing to correct the record, and it is this conspiracy that entitles him to a later AEDPA commencement date under § 2244(d)(1)(B).

The record before the Court shows that, on December 20, 2021, Petitioner filed a motion for appointment of counsel and a motion for correction of the record with the trial court. In these motions, Petitioner argues there are several items missing from the record as well as discrepancies in the trial transcript. On January 10, 2022, the trial court denied the motions, stating Petitioner was appointed counsel on appeal, and the Court of Appeals issued a judgment on March 12, 2021. The trial court concluded the record prepared for Petitioner's case was an accurate transcription of the proceedings. (ECF No. 14-7 at 109-118.)

The trial court's denial of these motions did not violate Petitioner's constitutional rights. First, to the extent Petitioner is arguing the trial court erred in denying his motions, it is well settled that claims challenging a state court's determination of state law are not cognizable in a federal habeas corpus proceeding. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (stating that the Court has repeatedly held that "federal habeas corpus relief does not lie for errors of state law") (citations omitted); *Fuller v. Johnson*, 158 F.3d 903, 908 (5th Cir. 1998) (failure to follow Texas law is not reviewable).

Further, it is not clear how the denial of these motions prevented Petitioner from filing a petition for writ of certiorari. While the motions were denied on January 10, 2022, four days after the deadline for his certiorari petition, Petitioner could have filed an application for a time extension, something he did successfully in certiorari petition he filed in 2025. In any event, even if the denial of these motions prevented Petitioner from timely filing a petition for writ of certiorari, it had no impact on his ability to timely file his federal habeas petition.

Petitioner next argues his appellate counsel sabotaged his direct appeal in furtherance of the conspiracy that resulted in the trial court's denial of his motion to correct the record. He argues this is "a single, continuous conspiracy that began with the intention of denying [Petitioner] the equal protections of the law, and continued by obstructing justice and denying Due Process in an attempt to successfully conceal the complicity of the true cause of action." (ECF No. 18 at 7.)

Petitioner's appellate counsel is not a state actor and thus her actions do not constitute state action. *Cf. Polk County v. Dodson,* 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") Further, it is unclear how his appellate counsel's actions

prevented Petitioner from filing his federal habeas petition. Appellate counsel filed her brief on January 15, 2020. (ECF No. 1-4 at 7.) Petitioner's state court conviction was finalized on January 4, 2022, and his federal habeas petition was due on January 4, 2023—almost three years after appellate counsel filed her brief. Outside of his unsupported allegations of a conspiracy, *see Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) ("mere conclusory allegations do not raise a constitutional issue in a habeas proceeding"), Petitioner fails to show how his appellate counsel engaged in state action, in violation of the Constitution or federal law, that actually prevented him from filing his federal habeas petition. As a result, Petitioner fails to show he is entitled to a later commencement date pursuant to § 2244(d)(1)(B).

3. Equitable Tolling

Petitioner next argues he is entitled to equitable tolling because he has been pursuing his rights diligently and an extraordinary circumstance prevent him from timely filing, namely "extrinsic fraud" on the court committed by the State's forensic expert.

A federal habeas corpus petitioner may be entitled to equitable tolling "'only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights," *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012). Equitable tolling therefore "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (citation omitted).

Petitioner is not entitled to equitable tolling. First, Petitioner fails to show he has been diligently pursuing his rights. Petitioner's AEDPA limitations commenced on January 4, 2022. Yet Petitioner waited until September 16, 2022, over nine months into his limitations period, to file his state habeas application. On August 9, 2023, the TCCA dismissed Petitioner's state habeas application as noncompliant, meaning it was not properly filed for purposes of § 2244(d)(2)'s tolling provision. Petitioner then waited another five months to file a separate collateral attack—which the state courts construed as an application for habeas corpus relief—on January 24, 2024, which was itself beyond the AEDPA limitations deadline. The TCCA dismissed Petitioner's next state habeas application as noncognizable and then dismissed his last state habeas application as a subsequent application. This procedural history does not show diligence; rather, it shows delay and ignorance of state and federal habeas procedures. *See Stroman v. Thaler*, 603 F.3d 299, 302-03 (5th Cir. 2010) (petitioner who waited almost seven months before seeking state habeas relief was not diligent); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing" of a federal habeas petition).

Further, Petitioner has not shown an extraordinary circumstance stood in the way of him timely filing his federal habeas petition. Petitioner alleges the State's forensic expert did not actually test the drugs Petitioner was convicted of manufacturing and delivering; rather, he argues she was "dry-labbing" her findings, i.e., testifying about test results when those tests were never done. He argues he has been working to uncover this conspiracy in the years since his conviction, which is why his federal petition is untimely.

Outside of Petitioner's own allegations, there is nothing in the record supporting this argument. Rather, it appears Petitioner's trial counsel subpoenaed the lab reports, and then

engaged a consulting expert, Mr. Scott Ruplinger—a former Texas Department of Public Safety lab technician—to review the subpoenaed lab records. In an affidavit filed with the state habeas court, trial counsel attested as follows:

> Mr. Ruplinger reviewed the Defendant's subpoenaed lab records and directed Counsel's attention to numerous points of error on behalf of the State's expert. Counsel and Mr. Ruplinger had numerous, lengthy discussions about the Department's policies and procedures when testing substances alleged to be narcotics or prescription drugs.
>
> In preparation, Mr. Ruplinger highlighted for Counsel a series of errors made by [the State's expert]. Counsel thoroughly cross-examined [the State's expert] on her points of error during her handling, testing, and procedures used in testing the substance alleged.

(ECF No. 1-4 at 4-5.) It therefore appears from the record that Petitioner's trial counsel was aware there were issues with the State's lab report and cross-examined the State's forensic expert on these issues. Petitioner's unsupported allegations to the contrary do not rise to the level of an extraordinary circumstance warranting equitable tolling. As a result, because Petitioner has demonstrated neither diligence nor the existence of an extraordinary circumstance, he is not entitled to equitable tolling.

<u>4. Actual Innocence</u>

Finally, Petitioner argues that the untimeliness of his federal habeas petition should be excused because he is actually innocent. In *McQuiggin*, 569 U.S. at 386, the Supreme Court held that a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard described by *Schlup,* 513 U.S. at 329. However, "tenable actual-innocence gateway pleas are rare," and, under *Schlup*'s demanding standard, the gateway will open only when a petitioner presents new "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial

unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggin*, 569 U.S. at 386, 401 (quoting *Schlup,* 513 U.S. at 316). In other words, a petitioner is required to produce "*new* reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence," sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup,* 513 U.S. at 324, 329 (emphasis added).

Petitioner does not meet this demanding standard. He does not provide any new evidence of innocence; rather, he argues that a conspiracy between the State forensic expert, the trial court, and his trial and appellate counsel resulted in the suppression of evidence that the State forensic expert was "dry-labbing" the drug test results. Such conclusory assertions, without any evidentiary support, do not constitute "new reliable evidence" establishing Petitioner's innocence. *See Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) ("[A]bsent evidence in the record," a court cannot "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . ., unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value.") (citation omitted); *Koch*, 907 F.2d at 530.

The actual-innocence exception articulated in *McQuiggin* is rare and Petitioner's unsupported allegations and arguments do not meet it. Accordingly, the actual-innocence exception does not excuse the untimeliness of Petitioner's federal habeas petition.

5. Procedural Default

Alternatively, Respondent argues that, regardless of the untimeliness of Petitioner's petition, all of his claims are barred from federal habeas review due to his failure to properly present them to the TCCA. In response, Petitioner argues his procedural default should be

excused because failure to address his claims would result in a miscarriage of justice. Specifically, Petitioner argues extrinsic fraud on the court is what caused his procedural default.

Before seeking review in federal court, a habeas petitioner must first present his claims in state court and exhaust all available state court remedies through a proper adjudication on the merits. *See* 28 U.S.C. § 2254(b)(1)(A) (federal habeas relief may not be granted unless it appears petitioner exhausted remedies available in the state courts). The exhaustion requirement is satisfied if the substance of the federal habeas claim was presented to the highest state court in a procedurally proper manner. *Baldwin v. Reese*, 541 U.S. 27, 29-32 (2004); *Moore v. Cain*, 298 F.3d 361, 364 (5th Cir. 2002). In Texas, this exhaustion requirement is fulfilled if the substance of the claim was presented to the TCCA in a procedurally proper manner either through a PDR or through a state application for writ of habeas corpus. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

The doctrine of procedural default, related to exhaustion, limits the scope of federal habeas review. "If a state court clearly and expressly bases its dismissal of a prisoner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the prisoner has procedurally defaulted his federal habeas claim." *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32, (1991)). Since 1994, the Fifth Circuit has held that Texas's abuse-of-the-writ doctrine is an independent and adequate state ground for the purposes of imposing a procedural default. *Hughes v. Quarterman*, 530 F.3d 336, 342 (5th Cir. 2008) (citations omitted).

Petitioner presented the claims he raises in his federal petition in a state habeas petition filed on October 2, 2024. (ECF No. 14-30 at 8-23.) On December 18, 2024, the TCCA dismissed this petition without written order as a subsequent application for a writ of habeas corpus

pursuant to Texas Code of Criminal Procedure Article 11.07, Section 4(a)-(c). (ECF No. 14-19.) As a result, even if Petitioner's federal habeas application was timely filed, his claims would nonetheless be barred from federal habeas review unless he can show cause for the default and resulting prejudice, or if he demonstrates that the federal court's failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750-51 (1991); *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004).

Petitioner appears to argue that his allegations of fraud on the court mean that failure to review his claims will result in a fundamental miscarriage of justice. The Court has already found these arguments unavailing in the context of the AEDPA statute of limitations and they remain so for purposes of overcoming the procedural default. Further, Petitioner makes several mentions of a "*Hazel-Atlas* Bill of Review" throughout his habeas pleadings. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944) stands for the proposition that federal courts possess the inherent power to vacate their own judgments if there is proof the judgments were obtained through fraud on the court. *Fierro v. Johnson*, 197 F.3d 147, 152 (5th Cir. 1999) (citing *Chambers v. NASCO, Inc.* 501 U.S. 32, 44 (1991)). Petitioner appears to argue the Court can grant him federal habeas relief based on the *Hazel-Atlas* doctrine, but it simply does not apply to a federal court reviewing a state court judgment. Accordingly, even if Petitioner's claims were not barred by the statute of limitations, there are nonetheless procedurally defaulted from federal habeas review.

## III. Certificate of Appealability

A petitioner may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the district Court must issue or deny a

certificate of appealability when it enters a final order adverse to the applicant. *See Miller-El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where a district court rejects a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court rejects a habeas petition on procedural grounds without reaching the constitutional claims, "a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's § 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El*, 537 U.S. at 327 (citing *Slack*, 529 U.S. at 484). Accordingly, the Court denies a certificate of appealability.

It is therefore **ORDERED** that Petitioner Lucio Roy Atkinson's Petition Under 28 U.S.C. § 2254 (ECF No. 1) for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE** as untimely filed.

It is finally **ORDERED** that a certificate of appealability is **DENIED**.

SIGNED this 19th day of October, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE